PEATS et al. v. ALPHONSE BRENNER CO., Inc.

No. 4607.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Jack & Jack, of, Shreveport, for appellants.

Cook & Cook, of Shreveport, for appellee.

DREW, Judge.

The pleadings and issues involved in this case are correctly stated in plaintiffs' brief, and which are as follows:

"Rosa Clark Peats and her husband, Henry Peats, filed suit against the Alphonse Brenner Company, Incorporated, for $2,015.-20, interest and all costs, alleging that the Alphonse Brenner Company, Incorporated, wrongfully and without color of authority forcibly entered upon and trespassed upon

premises that Rosa Clark Peats and her husband, Henry Peats, were occupying as a residence, and of which they had the exclusive right of possession; that the defendant company while unlawfully on the premises, unlawfully took Rosa Clark Peats' furniture (itemized in plaintiffs' petition in Par. VI), of the value of $435.20. Petitioners further alleged that because the defendant took all of Rosa Clark Peats' furniture, they both had to inhabit the residence for two days and two nights without furniture, heating, cooking, or sleeping facilities, and for two nights they had to sleep on the bare floor. For their mortification, humiliation, mental anguish, physical discomfort and pain, petitioners claimed $1,500.00, two-thirds to Rosa Clark Peats and one-third to Henry Peats. Also Rosa Clark Peats claimed $80.00 for loss of the use of said furniture.

### "Exception of misjoinder of parties plaintiffs.

"This exception for misjoinder of parties plaintiffs was argued and submitted on briefs to the court. It was overruled.

### "Exception of vagueness.

"This exception alleged that plaintiffs' petition was vague and indefinite in a number of ways. After argument the exception was overruled except as to the allegation that paragraph X of plaintiffs' petition was vague and indefinite in the allegation of damages.

"By an amended and supplemental petition plaintiffs itemized the damages as follows:

$1,000.00, claimed by Rosa Clark Peats in the following proportions:

For humiliation..................... $300.00
For mental anguish................ 300.00
For physical discomfort and pain.... 400.00
$500.00, claimed by Henry Peats in the following proportions:
For humiliation..................... $150.00
For mental anguish................ 150.00
For physical discomfort and pain.... 200.00

"The amended and supplemental petition was allowed and the rule discharged.

### "Answer.

"The defendant denied all the material allegations of plaintiffs' petition, and by way of an affirmative defense set up that the defendant company had some years before sold the furniture to petitioner, Rosa Clark Peats, and that defendant had taken the furniture back as payment of the balance of the account. And defendant, assuming the position of plaintiff in a reconventional demand, prayed that should the court find the defendant wrongfully took the furniture, then, in that case and that case only, it be given judgment for the unpaid balance due on the furniture in the sum of $208.95.

### "Remittitur.

"Plaintiffs filed a remittitur remitting the sum of $80.00 of the amount sued, which amount was that claimed by plaintiff Rosa Clark Peats for the loss of the use of her personal property as set out in article VII of plaintiffs' original petition. This remittance reduced the plaintiffs' claims to $1,-935.20."

The lower court found for defendant and rejected plaintiffs' demand, and they have appealed.

The plaintiff Rosa Peats, in the year 1926, bought from defendant a lot of household furniture amounting to $425.60, and executed a vendor's lien and chattel mortgage against said furniture. She had made some payments, reducing the amount to $208.95. On the afternoon of October 31, 1932, defendant's collector called at plaintiff's house to collect on said bill, on which there had been no payments for several months. Not finding plaintiff at home, he waited until about 6 o'clock until her arrival, when he demanded a payment on the outstanding bill. Just what transpired is decisive of this case. Rosa Peats contends she asked to be given until Saturday to make a payment and that the collector stated he had to have the money or the furniture. She contends that she requested him to wait and not to take her furniture. Her testimony is not corroborated by any one. The collector contends that Rosa Peats stated that she would be glad for him to take the furniture as she could not pay for it. He is corroborated by two negroes who later came at his request and helped take the furniture away. They both testified that Rosa Peats said she was glad to get rid of the furniture. The preponderance of the testimony—in fact, there is no testimony to the contrary—is that there was no protest made by Rosa Peats, her husband, or any one else, when the furniture was being removed and the testimony preponderates that Rosa assisted in taking her effects from the drawers of the furniture, and held the lamp while the stove was being disconnected, and that her husband assisted in carrying some of the furniture out of the house. The collector did not call for the truck to come and remove the furniture until after talking with Rosa and after she had consented for the furniture to be taken.

The furniture had been used for nearly seven years and was badly damaged and worth far less than the amount then due on it. The record discloses that the same kind of furniture, new at the time it was repossessed by defendant, could have been purchased for less than the amount then owing on it, due to the decline in price and that plaintiff was making a good trade in letting it go in satisfaction of the balance due on it. She was given full credit by defendant

and her account closed. If plaintiff had not consented to defendant repossessing the furniture, it could have executed its chattel mortgage and had the furniture sold, still holding plaintiff for the remainder due. She no doubt knew this, and is at least presumed to have known the law.

■■ It is contended by plaintiff that the lessor's lien would have primed defendant's claim, but this contention is incorrect for the reason that the chattel mortgage is shown to have been on the furniture before plaintiff moved into the house they were then occupying, and therefore the chattel mortgage would have primed the lessor's privilege. It was greatly to plaintiff's advantage in every respect to consent to defendant repossessing the furniture, which she was unable to pay for, and was the reasonable thing for her to do, and we think the evidence clearly shows she did consent.

The testimony of plaintiffs in regard to defendant depriving them of heaters to keep warm by, and covering, such as quilts, etc., is completely refuted by the testimony and to a great extent detracts from the weight of their testimony on other points in the case.

We find no error in the judgment of the lower court and it is therefore affirmed, with costs.